**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Guy I. Green, | Case No. 19-cv-0454 (JNE/HB) |
| Plaintiff, | |
| v. | |
| Thomas Roy, Emily Johnson Piper, Nancy Johnston, Lori Swanson, Minnesota Attorney General, Minnesota Sentencing Commission, and Jane and John Does, in their official and individual capacities, | **REPORT AND RECOMMENDATION** |
| Defendants. | |

---

This action was originally brought as part of a case filed in 2018 by fourteen individuals who are detained at the Minnesota Sex Offender Program facility in Moose Lake, Minnesota. *See Black Elk v. Roy*, No. 18-cv-3255 (DWF/LIB). That case was severed into fourteen separate actions by a February 25, 2019, order of United States District Judge Donovan W. Frank. As a result of that order, each of the plaintiffs to the original lawsuit, including Guy I. Green[1], now has the opportunity to advance his own claims in an individual action. Judge Frank's order provided:

---

[1] The Court is uncertain as to the correct spelling of Mr. Green's last name. As will be seen below, in another complaint by the same individual addressing substantially the same claims, his last name is spelled Green*e*. For purposes of this Order, however, the Court will spell the name as it is spelled in the caption of the Complaint at issue herein.

> 5. Each of the fourteen Plaintiffs shall file an amended pleading that presents their individual claims specifically as they related to that individual Plaintiff.
>
> 6. Each of the fourteen individual Plaintiffs shall submit a new individualized application to proceed in forma pauperis in their individualized action.

(Order, Feb. 22, 2019 [Doc. No. 2].)

It appears, however, that Plaintiff Guy I. Green has already taken independent action to comply with Judge Frank's Order by filing his own, separate civil action: *Greene v. Osborne-Leivian*, No. 19-cv-0533 (ECT/TNL). The Complaint filed in that case addresses matters comparable to those raised in the original litigation before Judge Frank. Consequently, this Court will recommend that this offshoot action be dismissed as duplicative. *See* 28 U.S.C. § 1915(e)(2)(B) (court shall dismiss a complaint at any time if it is frivolous, malicious, or fails to state claim upon which relief can be granted); *cf. Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992) (affirming 28 U.S.C. § 1915 dismissal on ground that "district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); *Van Meter v. Morgan*, 518 F.2d 366, 367-68 (8th Cir. 1975) (*per curiam*) (affirming district court's § 1915 dismissal of complaint as frivolous where district court explained that petitioner had previously been permitted to file three complaints, one of which was against same defendant and appeared to be based on same conduct as in dismissed complaint).

To be clear, the Court recommends dismissal here solely because Green has initiated a separate, duplicative case that post-dates the severance order issued by Judge Frank.  The Court has reviewed the contents of the complaints filed in both cases before concluding that this case should be dismissed as duplicative.  The Court does not believe that this dismissal will prejudice Green in any way because he has not yet paid a filing fee in any pending matter, and he does not appear to face any procedural bar by dismissing this particular action as duplicative.  Indeed, the Court presumes Green would rather proceed on the complaint that presents only his individual claims than on the omnibus complaint filed on his behalf in this action.

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** as duplicative of *Greene v. Osborne-Leivian*, No. 19-cv-0533 (ECT/TNL).

Dated: April 8, 2019    *s/ Hildy Bowbeer*_____
Hildy Bowbeer
United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).